## Ambler National Bank v. Siesel's Estate

*Elmer L. Menges*, for plaintiff.
*Lawrence A. Monroe*, for defendant.

BOYER, J., July 1. 1947.—This matter arises under preliminary objections and demurrer to a writ of replevin issued to secure possession of two airplanes which had been the property of the decedent and in his possession at the time of his death and thereafter came into the possession of his said executrix, each of them subject to a chattel mortgage to secure debts due plaintiff by decedent. The chattel mortgages had been duly recorded on June 22, 1946, in the office of the prothonotary of this county. The mortgagor and owner of the airplanes died on March 15, 1947. On March 21, 1947, letters testamentary were issued to the executrix, Josephine M. Siesel. On April 23, 1947, this plaintiff instituted this action of replevin against the said executrix to obtain possession of the said airplanes, the action being based upon default under the terms of the mortgages. The grounds for the demurrer are that defendant executrix came into the legal possession of the airplanes by act of law for the purposes of ad-

ministration of her husband's estate, and were therefore, not subject to replevin either for the purpose of foreclosing said mortgages or for any other purpose.

Plaintiff's counsel apparently assumes that if the possession of the planes is retained by the executrix and sold by her as estate property plaintiff would lose its lien and priority of claim to the proceeds of the sale of the planes. As we view it, this question is not now involved, being a question of distribution.

We think there can be no question as to the general rule or principle that "The administrator is entitled to take immediate posession of all the decedent's personal effects without exception": 1 Remick's Penna. Orphans' Ct. Practice 154. This principle was recognized in Maynard v. Shaw, 246 Pa. 330, 336, as follows:

"It is conceded by the learned counsel for the appellant that if Shaw died in possession of the personal property (a Ferris Wheel) in controversy it passed into the custody of the law for administration for the benefit of all his creditors, and that the appellant has no right to the possession of the property which must be administrated by Shaw's legal representative."

That decision, while not strictly a parallel case, inasmuch as it was decided prior to our chattel mortgage acts, is clearly and definitely based on the fundamental principle that the administrator or executor of a decedent, has the absolute right to the possession of all of the decedent's personal property for purposes of administration.

This rule appears to be so absolutely essential to the expeditious and uniform settlement of estates that it should be held to be inviolate. This is particularly true since the recent statutory recognition and general use of chattel mortgages. Any other rule would lead to inextricable confusion, uncertainty, delay and multiplied litigation. We would not feel justified in recog-

nizing any other rule in the absence of clear statutory provision or appellate court decisions to the contrary. Such a decision should in no way prejudice the mortgagee creditor inasmuch as it will still have its claim upon distribution of the estate and will then have an opportunity to assert any priority of claim to the fund to which it believes itself to be entitled. The decree in this case will be made without prejudice to plaintiff in that respect.

Now, July 1, 1947, defendant's preliminary objections and demurrer are sustained. The writ of replevin is quashed and the possession of the property replevined, if now in the legal possession of the sheriff, is remanded to the custody of defendant, without prejudice to plaintiff's lien and priority of claim, if any, to the proceeds of the sale of said two airplanes. The costs to await final distribution of the estate in the orphans' court.